# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 11-106V
### (To be Published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | Special Master Corcoran |
| CARL J. VERITY, | |
|                 Petitioner, | Filed: March 13, 2017 |
| v. | Attorney's Fees and Costs; |
| | Timeliness of Fees motion. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
|                 Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Theodore F. Goralski, Jr.*, Sanders Law Firm, Mineola, NY, for Petitioner.

*Jennifer L. Reynaud,* U.S. Dep't of Justice, Washington, DC for Respondent.

### DECISION DENYING (i) MOTION FOR EXTENSION OF TIME, AND (ii) REQUEST FOR ATTORNEY'S FEES AND COSTS[1]

On February 18, 2011, Petitioner Carl J. Verity filed a petition seeking compensation under the National Vaccine Injury Compensation Program, ("the Vaccine Program")[2]. Petitioner alleged that he suffered from Guillain-Barré syndrome and related complications as a result of receiving an influenza vaccine. After several years of settlement negotiations, on March 24, 2014, the parties agreed to a stipulation, which I adopted by decision two days later. *See* Decision, filed on March 26, 2014 (ECF No. 52). Judgment subsequently entered on May 1, 2014.

---

[1] This decision will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id*.

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

Nearly three years from the date of the favorable entitlement decision, Petitioner has requested an award of attorney's fees. Motion for Extension of Time, dated February 20, 2017 (ECF No. 54) ("Fees App."). In it, he requests $28,861.25 in attorney's fees and costs. Accompanying the fees request was also a motion for an extension of time to request attorney's fees. In so doing, Petitioner has acknowledged that the fees application should have been filed on or before October 28, 2014 (180 days after judgment entered on May 1st) – but has only now been interposed, over two years later. Fees App. at 1. Respondent reacted to the fees request in a filing dated March 9, 2017 (ECF No. 55), noting that the request was in fact out of time, but otherwise leaving the resolution of the motion and fees request to my discretion.

Vaccine Rule 13 provides that an application for attorney's fees and costs must filed no later than 180 days after judgment is entered. *See* Vaccine Rule 13(a). Thus, it is beyond dispute that the present fees application is grossly out of time. However, it is not uncommon in the program for special masters to overlook the untimeliness of fees requests filed not long after the deadline to act. *See e.g. Turner v. Sec'y of Health & Human Servs.,* No. 99-544, 2007 WL 4410030, *13 (Nov. 30, 2007) (awarding Petitioner attorney's fees and costs despite the application being filed one month after the expiration of the 180 day deadline), *Carrington v. Sec'y of Health & Human Servs.,* No. 99-495, 2008 WL 2683632, *13 (June. 18, 2008) (allowing an extension of time of about three weeks outside of 180 day deadline).

This fees request, by contrast, is untimely not merely by days or weeks but years. Petitioner has also not established a reasonable explanation for his failure to act in the period allowed for under Rule 13, and has also provided no persuasive, let alone controlling, case law suggesting that such a dilatory request should nevertheless be entertained. Accordingly, I do not find that under the present circumstances excusing Petitioner's failure to act in a timely manner is appropriate.

My decision also has the effect of denying Petitioner's motion to extend the time to request fees. Ordinarily, such requests are properly sought prior to expiration of the deadline to be extended, but a post-deadline enlargement of time can also be obtained in limited circumstances on a showing of "excusable neglect." *See e.g.* RCFC 6(b)(1)(A-B)(" the court may for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (established four factors to determine excusable neglect "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith").

Here, the over two-year delay caused by acknowledged attorney ignorance of Program rules for timely requesting an attorney's fees award cannot be attributed to excusable neglect. It is reasonable to expect Program counsel to familiarize themselves with the Vaccine Act and rules -

and they properly bear the brunt of their failure to do so under such circumstances. In addition, allowing lenience in this case may open the door to future petitioners filing egregiously outside of court or statute-prescribed deadlines, thereby subverting the entire purpose of a deadline (which at six months is fairly generous to begin with). A failure to seek fees once so much time has passed is not comparable to missing the deadline by a few days or weeks - and should therefore be treated differently.

## CONCLUSION

In accordance with the foregoing, I hereby DENY an award of attorney's fees. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master