# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 11-106V
### (not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
CARL J. VERITY,

               Petitioner,

    v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

               Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: August 9, 2018

Attorney's Fees and Costs;
Timeliness of Fees Motion.

*Joseph Viener*, Sanders Law Firm, Mineola, NY, for Petitioner.

*Jennifer L. Reynaud,* U.S. Dep't of Justice, Washington, DC for Respondent.

## DECISION DENYING ATTORNEY'S FEES AND COSTS[1]

On February 18, 2011, Carl J. Verity filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program")[2]. Petitioner alleged that he suffered from Guillain-Barré syndrome and related complications as a result of receiving an influenza vaccine. After several years of settlement negotiations, on March 24, 2014, the parties agreed to a stipulation, which I adopted by decision two days later. *See* Decision, filed on March 26, 2014 (ECF No. 52). Judgment subsequently entered on May 1, 2014.

---

[1] This Decision will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

Nearly three years from the date of the favorable entitlement decision, Petitioner requested an award of attorney's fees. Motion for Extension of Time, dated February 20, 2017 (ECF No. 54) ("1st Fees App."). Accompanying the fees request was also a motion for an extension of time to request those fees. In so doing, Petitioner acknowledged that the fees application should have been filed on or before October 28, 2014 (180 days after judgment entered on May 1st, as per Vaccine Rule 13(a), which provides that an application for attorney's fees and costs must be filed no later than 180 days after judgment is entered) – but was interposed over two years later. 1st Fees App. at 1. Respondent reacted to the fees request in a filing dated March 9, 2017 (ECF No. 55), noting that the request was in fact out of time, but otherwise leaving the resolution of the motion and fees request to my discretion.

On March 13, 2017, I issued my Decision denying attorney's fees and costs (ECF No. 56). In it, I reasoned that although special masters have, in the past, overlooked issues of untimeliness for fee requests, in those instances the motions were untimely by a matter of days or weeks. By contrast, Petitioner's fees application was untimely by over two years. Decision at 2. I also found that Petitioner had not offered a reasonable explanation for his failure to act within the time prescribed by Rule 13. Accordingly, I denied the motion. Petitioner did not appeal this ruling in the time allotted by the Vaccine Rules or Act, and final judgment on the matter of fees and costs was entered on April 13, 2017.

On July 19, 2018, Petitioner again filed a motion for attorney's fees and costs (ECF No. 59). Shortly thereafter, Petitioner then filed an amended motion for attorney's fees and costs on August 1, 2018 ("2nd Fees App.") (ECF No. 60). The second motion for attorney's fees requests the same amount as previously sought, and concedes that "the fees application should have been filed on or before October 28, 2014," but explains that the application was not filed by that date "due to the fact that the attorneys in our law firm were not admitted at the time to the Vaccine Court" and that "the attorney who was handling this matter for our firm left the firm, this is a reasonable explanation for the delay as well as the fact that admission to your court is a requirement in order to submit a motion such as the one before you." 2nd Fees App. at 3.

For all of the reasons started in my Decision denying the first fees application, I shall again deny Petitioner's second fees application. As I stated previously:

> Here, the . . . delay caused by acknowledged attorney ignorance of Program rules for timely requesting an attorney's fees award cannot be attributed to excusable neglect. It is reasonable to expect Program counsel to familiarize themselves with the Vaccine Act and rules - and they properly bear the brunt of their failure to do so under such circumstances. In addition, allowing lenience in this case may open the door to future petitioners filing egregiously outside of court or statute-prescribed deadlines, thereby subverting the entire purpose of a deadline (which at

six months is fairly generous to begin with). A failure to seek fees once so much time has passed is not comparable to missing the deadline by a few days or weeks - and should therefore be treated differently.

Decision at 3. In the second fees application, Petitioner again asserts that their failure to comply with the deadline prescribed by Rule 13 was due to an overall lack of knowledge of the rules and requirements of this court. Once again, I note that attorney ignorance is not grounds to find excusable neglect, and that counsel properly bears the consequences of their lack of knowledge and general inaction.

Additionally, it is notable that following my first Decision denying fees and costs, Petitioner did not challenge this ruling, either by appeal or a motion for reconsideration. It appears that counsel has simply chosen to ignore the established precedent in this case and once again ask for fees and costs without addressing the question of why, if the previous motion was denied as untimely, would a subsequent, almost identical motion not also be denied? In any event, counsel's action of waiting another year before filing a second fees motion has not served to correct the overarching deficiency of gross untimeliness.

## CONCLUSION

In accordance with the foregoing, I hereby **DENY** an award of attorney's fees. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master
